Sharon TAYLOR, Plaintiff
Below, Appellant,

v.

Roy D. CHAMPION and Judith Loring,
Successor Administratrix of the Ancillary Estate of Roy D. Champion, Defendants Below, Appellees.

No. 229, 1996.

Supreme Court of Delaware.

Submitted: March 11, 1997.
Decided: May 13, 1997.

Kenneth F. Carmine, of Potter, Crosse and Leonard, P.A., Wilmington, for appellant.

Kathleen M. Miller, of Smith, Katzenstein & Furlow, Wilmington, for appellees.

HOLLAND, Justice:

The plaintiff-appellant, Sharon Taylor ("Taylor"), appeals from the final judgment of the Superior Court that dismissed her action. Taylor's original complaint named Roy D. Champion ("Champion") as the defendant. Taylor's amended complaint named as the defendant Shelly D. Leonard, the Administratrix of the Ancillary Estate of Champion ("Leonard"). Thereafter, the appellee, Judith Loring, was named as Successor Administratrix of the Ancillary Estate of Champion ("Loring") and was substituted for Leonard as a defendant. The Superior Court concluded that Taylor's claim was barred by the applicable statute of limitations.

Taylor contends that the Superior Court erred by concluding that the filing of the amended complaint did not relate back to the date of the original filing. First, Taylor argues that the timely notice to Champion's insurance carrier was sufficient for the amendment to the complaint to relate back to the date of the original filing. Alternatively, Taylor contends that the notice to Leonard was sufficient to permit relation back of the amendment.

This Court has concluded that the Superior Court properly dismissed Taylor's amended complaint. Neither the notice to the insurance carrier nor the notice to Leonard was sufficient to permit a relation back of the amended complaint to the date of the original filing. Accordingly, the judgment of the Superior Court that dismissed Taylor's action is affirmed.

*Facts*

The facts are not in dispute. On July 31, 1991, Taylor was injured as a result of a car accident with Champion. At the time of the accident, Taylor and Champion were residents of Delaware. On December 9, 1992, Taylor filed suit against Champion in the Superior Court. On the same date, Taylor's attorney sent a copy of the complaint to the adjuster for Champion's insurance carrier and requested that the complaint be forwarded to the attorney assigned to defend Champion.

On January 6, 1993, the Sheriff returned the writ for service on Champion *non est.* The return noted that the occupant at Champion's last known address believed that Champion was deceased. Taylor subsequently learned that Champion had died in Florida. On July 6, 1993, Taylor filed a suggestion of Champion's death in the Superior Court.

On July 22, 1994, almost one year after the statute of limitations had expired, Taylor's counsel opened an Ancillary Estate of Champion in Delaware. The secretary of Taylor's attorney, Leonard, was named as Champion's Ancillary Administratrix. On that same date, Taylor filed a motion to amend the complaint to substitute Leonard for Champion as the defendant. The motion was granted *ex parte.*

On November 4, 1994, Taylor filed an amended complaint. It named Leonard as the defendant, in her capacity as Ancillary Administratrix. Leonard was served with the amended complaint and failed to respond.

On January 27, 1995, Taylor filed a motion for default judgment. Champion's insurance

carrier received notice of the pending motion and retained counsel to defend against Taylor's action. On February 2, 1996, Champion's personal representative in Florida, Loring, was substituted for Leonard as the Successor Ancillary Administratrix.

On February 22, 1996, Loring filed a motion to dismiss on the ground that the amended complaint did not relate back to the date of the original pleading and, therefore, the entire action was barred by the statute of limitations. On April 23, 1996, after hearing oral argument on the motion, the Superior Court granted Loring's motion to dismiss on the basis of this Court's decision in *Parker v. Breckin,* Del.Supr., 620 A.2d 229 (1993).

### Relation Back of Amendments
### Superior Court Civil Rule 15 (c)

The procedures for amending a complaint are found in Superior Court Civil Rule 15. Subsection (c) of that rule ("Rule 15(c)") sets forth the circumstances under which an amendment can relate back to the date of the original pleading. Rule 15(c)(3) [1] addresses the requirements for an amended complaint, that changes the party against whom a claim is asserted, to relate back to the date of the original pleading.

■ Rule 15(c)(3) sets forth three conditions that must be satisfied. *See Mullen v. Alarmguard of Delmarva, Inc.,* Del.Supr., 625 A.2d 258, 264 (1993). First, the claim asserted by the amendment must arise out of the same conduct, transaction or occurrence asserted in the original pleading. Second, within the time provided by the rules, the party to be added must have received notice of the institution of the action, so that the party will not be prejudiced. Third, within the time provided by the rules, the party to be added must have known or should have

known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party to be added by the amendment. *Id.*

■ All of the requirements set forth in Rule 15(c)(3) must be satisfied in order for an amendment, substituting a party after the running of the statute of limitations, to be related back to the filing date of the action. *Id.* at 265. Unlike subsection (a) of Rule 15, subsection (c)(3) includes no discretionary powers for the Superior Court to exercise. *Parker v. Breckin,* Del.Supr., 620 A.2d 229, 232 (1993). Accordingly, unless Taylor's amended complaint completely comported with the dictates of Rule 15(c)(3), her amended complaint would not relate back to the date of the original filing.

### Notice to Insurance Carrier
### Insufficient to Permit Relation Back

■ Taylor's first contention is that since Champion's insurance carrier had received timely notice of the original complaint, the requirements of Rule 15(c)(3) were effectively satisfied. In support of her position, Taylor submits that the insurance carrier, although not a named party, will ultimately defend the action and pay any adverse judgment that is within the limits of Champion's coverage. Therefore, Taylor contends that notice to the insurance carrier is sufficient to permit a relation back of the amendment.

The Superior Court dismissed Taylor's action on the basis of this Court's decision in *Parker v. Breckin,* Del.Supr., 620 A.2d 229 (1993). In *Parker,* the plaintiff also named a deceased person as the defendant. After the statute of limitations expired, the plaintiff added the executor of the decedent's estate as a defendant in the action. In *Parker,* neither the executor nor the insurance carri-

---

1. Rule 15(c)(3) states that an amendment of a pleading relates back to the date of the original pleading when:

    the amendment changes the party or the naming of the party against whom a claim is asserted if [the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading] and, within the period provided by statute or these

    Rules for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.
    Super.Ct.Civ. R. 15(c)(3).

er of the decedent had notice of the suit within the statute of limitations. This Court held that because the executor did not have notice of the suit within the statute of limitations, the amended complaint would not relate back to the date of the original pleading. *Id.* at 231–32. This Court also held that the involvement of the insurance carrier in pre-suit settlement negotiations, even without disclosing its policy holder's death, was not relevant to the relation back analysis mandated by Rule 15(c). *Id.*

Taylor contends that this case is distinguishable from *Parker* because Champion's insurance carrier had actual notice of the action's commencement within the statute of limitations. Taylor's argument is without legal support. Champion's insurance company was not *ipso facto* either an agent or authorized to receive service of process for Champion. *See Poteet v. Bethke*, Ind.Ct.App., 507 N.E.2d 652 (1987) (defendant's insurance carrier was not defendant's agent for service of process absent express designation as such).

Champion's insurance carrier was not "the party to be brought in by the amendment." This record does not reflect that Champion's insurance carrier was designated to receive service of process. Accordingly, any notice to the insurance carrier within the statute of limitations or the period provided by the rules is irrelevant to the relation back analysis in Rule 15(c). As this Court has previously stated:

> Rule 15(c) has its own mandate, the rationale for which is clear when its impact upon a statute of limitations is considered. Thus in a given case, when the Rule is applied, the effect thereof is to "enlarge" the limitations period. And if the resulting "tension" between the Rule and a limitations statute is to be fairly and consistently resolved, it seems to us that the Rule must be applied in accordance with its terms.

*Mergenthaler, Inc. v. Jefferson*, Del.Supr., 332 A.2d 396, 398 (1975) (citation omitted).

### Ancillary Administratrix Notice and Knowledge Insufficient to Permit Relation Back

■ Taylor's alternative contention is that Leonard had notice of the institution of the action within the statute of limitations. Taylor bases this argument on the fact that Leonard, in her individual capacity as secretary to Taylor's counsel, typed the original complaint the Sheriff attempted to serve on Champion and which was returned marked *"non est."* According to Taylor, that knowledge constitutes sufficient notice to Leonard, in her subsequent capacity as Champion's Ancillary Administratrix, to permit relation back of the amendment to the complaint.

Rule 15(c)(3) does not simply require that the party to be added as a defendant have "notice of the institution of the action" within its specific time period. Rule 15(c)(3) also requires that the "party to be brought in by amendment ... *knew or should have known* that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Super.Ct.Civ.R. 15(c)(3) (emphasis added). Accordingly, the proper focus of this Court's inquiry must be on whether Leonard "knew or should have known that, but for a mistake concerning the identity of the proper party" she would have been named as a defendant in Taylor's original complaint.

The record reflects that Leonard had no personal relationship to or with Champion. Therefore, Leonard had no reason to believe that Champion was deceased or that she would ever be named as Champion's Ancillary Administratrix.[2] Thus, there was no reason for Leonard to know or have reason to know, within the time period required by

---

**2.** Consequently, this case is distinguished from those cases where the personal representative of an estate knew or should have known that, but for a mistake of identity, the personal representative would be named as defendant in the action. *See, e.g., Ellis v. Woldoff*, Del.Super., C.A. No. 82C–MR–26, Walsh, J. (June 24, 1983). For example, in *Ellis*, the plaintiff sought to amend the complaint to add, as a defendant in the action, the administrator of the deceased defendant's estate. In that case, the administrator of the estate was the widower of the deceased defendant. The widower, in his individual capacity, had been named a defendant in the original complaint. The Superior Court permitted the relation back of the amendment, finding that the widower had notice of the institution of the action and recognizing that he knew or should have known that, but for a mistake concerning the identity of the proper party, he would have

Rule 15(c), that but for a mistake by Taylor, Leonard would have been named a defendant in the original complaint.[3] Accordingly, the Superior Court properly ruled that the amendment did not relate back to the date of the original complaint.

■ Finally, Taylor argues that there is nothing in the record which demonstrates that Loring, Champion's actual personal representative in Florida, did not have actual notice of the institution of the action against Champion within the time prescribed by Rule 15(c). According to Taylor, the Superior Court's dismissal reflects an implicit assumption that notice had not been given to Loring during the statutory period. This Court agrees with that observation by Taylor. If Loring had timely notice of Taylor's action, however, Taylor had the burden of establishing that fact on the record. Taylor failed to discharge that burden.

### Conclusion

The Superior Court properly granted the motion to dismiss Taylor's action. *See Mullen v. Alarmguard of Delmarva, Inc.*, Del. Supr., 625 A.2d 258 (1993); *Parker v. Breckin*, Del.Supr., 620 A.2d 229 (1993). The judgment of the Superior Court is affirmed.

---

been added as a party in his capacity as the administrator of his deceased wife's estate.

**3.** Thus, the present case is also distinguishable from this Court's decision in *Mullen v. Alarmguard of Delmarva, Inc.*, Del.Supr., 625 A.2d 258, 264 (1993). In that case, the plaintiff sought to amend the complaint to add as an individual defendant another officer of the named defendant corporation. In *Mullen*, the plaintiff originally filed suit against the seller of a fire alarm system and its sole shareholder and president. Prior to the running of the statute of limitations, the plaintiff received permission from the court to depose the president for the announced purpose of determining whether there were other parties who should be brought into the case prior to the expiration of the statute of limitations. The president's wife, who was also vice president and secretary of the company, attended the deposition. The president testified that his wife's role was limited to overseeing the inventory.

Subsequent to the expiration of the statute of limitations, however, plaintiff learned that the

---

president's wife had other responsibilities, including deciding to use a less expensive wire in the plaintiff's fire alarm system. Upon learning this, plaintiff sought to add the wife as a defendant. The Superior Court denied the motion to amend and this Court reversed.

This Court explained that the final requirement of Rule 15(c) makes it clear that relation back is limited to situations where "but for a mistake concerning the identity" the proper party has not been sued. *Id.* at 265. We concluded that the announcement at the beginning of the deposition, that the purpose of the questioning was to ascertain whether other parties should be added as defendants, charged the wife with knowledge that her husband's subsequent erroneous and misleading answers created a mistaken impression of her role in the transaction. Accordingly, this Court concluded that the wife knew or should have known that but for a mistake concerning the identity of the party, she would have been named as a defendant.