# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HYACINTH L. FRASER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| G-WILMINGTON ASSOCIATES L.P., | ) | |
| ROSEN ASSOCIATES | ) | |
| MANAGEMENT CORP., HOME | ) | |
| DEPOT, U.S.A., INC., a Delaware | ) | |
| Corporation, and DMC | ) | |
| CONSTRUCTION, LLC, a foreign | ) | |
| limited liability company, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | C.A. No. N15C-01-235 RRC |
| and | ) | |
| | ) | |
| G-WILMINGTON ASSOCIATES L.P. | ) | |
| and ROSEN ASSOCIATES | ) | |
| MANAGEMENT CORP., | ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DMC CONSTRUCTION, LLC, a | ) | |
| Foreign limited liability company, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

Submitted: November 7, 2016
Decided: January 24, 2017

On Defendant/Third-Party Defendant DMC Construction, LLC's
Motion to Dismiss.  **DENIED.**

# MEMORANDUM OPINION

Samuel D. Pratcher, III, Esquire, Weik, Nitsche & Dougherty, Wilmington, Delaware, Attorney for Plaintiff.

Scott L. Silar, Esquire, Reger Rizzo & Darnall LLP, Wilmington, Delaware, Attorney for Defendant and Third-Party Defendant DMC Construction.

Kenneth M. Doss, Esquire, Casarino, Christman, Shalk, Ransom & Doss, P.A., Wilmington, Delaware, Attorney for Defendants and Third-Party Plaintiffs G-Wilmington Associates, L.P. and Rosen Associates Management Corporation.

Melissa L. Rhoads, Esquire, Tighe & Cottrell, P.A., Wilmington, Delaware, Attorney for Defendant Home Depot, U.S.A., Inc.

COOCH, R.J.

Before the Court is Defendant/Third-Party Defendant DMC Construction, LLC's ("DMC Construction") Motion to Dismiss.  In its motion, DMC Construction claims that Plaintiff's Amended Complaint against it should be dismissed under Superior Court Civil Rule 12(b)(6) on grounds that Plaintiff's claims are barred by the statute of limitations.  Chiefly at issue in this case is whether a letter, with Plaintiff's original complaint attached, sent by G-Wilmington Associates L.P. ("G-Wilmington") and Rosen Associates Management Corp. ("Rosen") to DMC Construction before the two-year statute of limitations had expired and tendering the defense of those defendants to DMC Construction satisfies the notice requirement of Rule 15(c).

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff alleges that on June 1, 2013, she slipped and fell on a "clear plastic seal"[1] in the parking lot of the Home Depot Shopping Center located on Miller Road in Wilmington, and that she was injured as a result of the fall.  On January 1, 2015, Plaintiff filed suit against Defendants G-Wilmington, Rosen, and Home Depot, U.S.A., Inc. ("Home Depot") (collectively the "Original Defendants").  She

---

[1] Compl. ¶ 4.

asserts that she has incurred very large medical expenses as a result of her slip and fall.[2]

On or about March 20, 2015, DMC Construction received a letter, sent via certified mail, from G-Wilmington and Rosen's insurance provider. The letter advised DMC Construction that Plaintiff had filed a complaint against the G-Wilmington and Rosen, and that DMC Construction "was responsible for sweeping and removing all debris in the parking lots and entrances to store fronts."[3] Plaintiff's complaint against the Original Defendants was enclosed with the letter.

On December 14, 2015, G-Wilmington and Rosen moved to file a third-party complaint against DMC Construction. In their motion, counsel for G-Wilmington and Rosen advised the Court that they were not aware of the March 20, 2015 letter's existence until December 9, 2015, because G-Wilmington and Rosen did not provide the letter to their counsel until then. At the scheduling conference held on June 24, 2015, Plaintiff's counsel had requested 120 days to add a party or to amend a pleading. The Court granted Plaintiff's request and set that deadline for September 25, 2015.

In their motion to file a third party complaint, filed after the expiration of the deadline to add a party, counsel for G-Wilmington and Rosen advised the Court that they first became aware of the sweeping and maintenance contract with DMC Construction on December 9, 2015. Counsel for G-Wilmington and Rosen have represented to the Court that had they been aware of the existence of the March 20, 2015 letter as of the June 24, 2015 scheduling conference, they would have disclosed the existence of that letter to Plaintiff and to the Court. Plaintiff's counsel opposed G-Wilmington and Rosen's motion essentially on grounds that the motion came after the September 25, 2015 deadline and that G-Wilmington and Rosen had not shown good cause. On January 26, 2016, the Court granted G-Wilmington and Rosen's motion over Plaintiff's opposition.[4] G-Wilmington and Rosen filed their third-party complaint against DMC Construction on February 1, 2016.

---

[2] The original complaint named the defendants as "G-Wilmington Associates L.P. c/o Rosen Management, d/b/a/ The Home Depot, Inc. foreign corporation." However, on March 24, 2015, the Court approved a stipulation to amend the caption. The amended caption then named G-Wilmington, Rosen, and Home Depot as three separate defendants.

[3] Pl.'s Resp. to Def.'s Mot. to Dismiss, Ex. D, at 2.

[4] *Fraser v. G-Wilmington Assocs. L.P.*, C.A. No. 15C-01-235 (Del. Super. Jan. 26, 2016) (TRANSCRIPT).

Plaintiff and the Original Defendants then stipulated to Plaintiff filing an Amended Complaint which would bring direct claims against DMC Construction. The Amended Complaint was filed on March 4, 2016 alleging that DMC Construction was responsible for sweeping and maintaining the premises. On September 27, DMC Construction filed its Motion to Dismiss Plaintiff's Amended Complaint.

## II. PARTIES' CONTENTIONS[5]

### A. *DMC Construction's Contentions*[6]

DMC Construction claims that Plaintiff's complaint against it should be dismissed under Rule 12(b)(6). In support of its motion, DMC Construction argues that Plaintiff's claims against it are barred by the two-year statute of limitations, as the Amended Complaint was not filed until March 4, 2016. Additionally, DMC Construction claims that plaintiffs have failed to meet the relation-back requirements of Superior Court Civil Rule 15(c).[7] DMC Construction contends that Rule 15(c)(2) is not satisfied because Plaintiff made "no allegations concerning DMC in the original complaint."[8] With respect to Rule 15(c)(3), DMC Construction states that the party to be added must have "received such notice of the institution of the action" and "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."[9] Defendant contends that this requirement must be met "within the Statute of Limitations or an additional 120 days after the statute

---

[5] Counsel for Home Depot, U.S.A., Inc. and counsel for G-Wilmington and Rosen informed the Court by letters of October 25 and October 31, respectively, that they take no position on DMC Construction's Motion to Dismiss.

[6] DMC Construction also contends that Plaintiff should be precluded from claiming a mistake under Rule 15(c)(3) has occurred. Specifically, DMC Construction argues that "[i]n her response to the Motion for Leave to File the Third-Party Complaint, arguing against allowing the Third-Party action to be filed, Plaintiff made statements that she, '. . . cannot rely upon the relation back doctrine of Rule 15(c), and Plaintiff has no cause of action against DMC' and 'Plaintiff cannot bring a claim against DMC because the statute of limitations has now run.'" Although Plaintiff did make these statements in her response to the Motion for Leave to File the Third-Party Complaint, the Court finds that Plaintiff is not precluded from making her present arguments because the March 20, 2015 letter had not been produced to her at that time.

[7] DMC Construction also argues, and Plaintiff does not dispute, that Rule 15(c)(1) is not applicable in this case since the two-year time period for filing provided by the statute of limitations has passed.

[8] DMC Construction's Mot. to Dismiss at 3.

[9] DMC Construction's Mot. to Dismiss at 3-4; *see also* Super. Ct. Civ. R. 15(c)(3).

4

expires."[10]  In support of its argument that the requirements of Rule 15(c)(3) have not been met, DMC Construction contends that "[n]o attempt was made to name DMC in the original complaint, nor was there any attempt to name any other party that may have had a contract with either original Defendant."[11]

## B. *Plaintiff's Contentions*

In response to DMC Construction's motion, Plaintiff contends that its Amended Complaint against DMC Construction relates back to the date the complaint was filed under Rule 15(c) and is therefore not barred by the statute of limitations.  Specifically, Plaintiff contends its "claim asserted against DMC is from the same occurrence" as required under Rule 15(c)(2), and that "DMC knew or should have known that, but for a mistake concerning DMC's identity, it would have been brought into this action."[12]  "[G-Wilmington and Rosen] knew about their contract with DMC as early as March 20, 2015." [13]  Accordingly, Plaintiff argues that it has satisfied the relation back requirements of Rule 15(c).

## III. DISCUSSION

A party moving to dismiss on grounds that the statute of limitations has expired may do so when the complaint shows that the action was not filed within the statutory period.[14]  However, when a complaint was filed within the statutory period and is then amended once the statutory period has expired, Rule 15(c) permits the amended complaint, under appropriate circumstances, to relate back to the date the complaint was originally filed.  The Delaware Supreme Court has held that amendments to complaints should be granted liberally in favor of the policy for deciding cases on their merits.[15]

Rule 15(c) provides:

> **(c) Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when . . . (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

---

[10] DMC Construction's Mot. to Dismiss at 4.

[11] *Id.*

[12] Pl.'s Resp. to DMC Construction's Mot. to Dismiss at 5.

[13] *Id.* at 5-6.

[14] *Verrastro v. Bayhealth Medical Center, Inc.*, 119 A.3d 676, 678 (Del. Super. 2015).

[15] *Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258, 263 (Del. 1993).

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by statute or these Rules for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.[16]

Thus, as stated in *Taylor v. Champion*,[17] Rule 15(c) sets forth three requirements. First, the claim asserted in the amended complaint "must arise out of the same conduct, transaction or occurrence asserted in the original pleading."[18] "Second, within the time provided by the rules, the party to be added must have received notice of the institution of the action, so that the party will not be prejudiced."[19] "Third, within the time provided by the rules, the party to be added must have known or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party to be added by the amendment."[20] The Court holds that Plaintiff's claim meets the test set forth in *Taylor*, and therefore relates back to the date the complaint was originally filed under Rule 15(c). Accordingly, Defendant's Motion to Dismiss is denied.

## A. *Plaintiff's Claim Arises out of the Same Transaction or Occurrence*

DMC Construction contends that Plaintiff's claim against it in her Amended Complaint does not satisfy Rule 15(c)(2) because Plaintiff made "no allegations concerning DMC in the original complaint."[21] With respect to the "same transaction or occurrence" requirement of Rule 15(c), the Delaware Supreme Court held in *Mullen v. Alarmguard of Delmarva, Inc.* that "the cause of action concept embodied in Rule 15(c) has been broadly defined to require simply that there be fair notice of the general fact situation out of which the claim or defense arose."[22] "[I]f the amendment merely expands or amplifies what was alleged in support of

---

[16] Super. Ct. Civ. R. 15(c).
[17] *Taylor v. Champion*, 693 A.2d 1072, 1074 (Del. 1997).
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] DMC Construction's Mot. to Dismiss at 3.
[22] 625 A.2d 258 (Del. 1993).

the cause of action already asserted, it relates back to the commencement of the action, and is not affected by the intervening lapse of time."[23]

In the case at bar, Plaintiff's claim set forth in her Amended Complaint against DMC Construction arises out of the "general fact situation" that was alleged in the initial complaint. Plaintiff alleged in her original complaint that she slipped and fell in the parking lot of the Original Defendants' property. The claim pleaded in her Amended Complaint expands the original complaint to include a claim that DMC Construction was responsible for "sweeping, maintenance, cleaning, and trash removal services."[24] Plaintiff has not asserted a new cause of action that arises out of a separate factual scenario. Rather, Plaintiff's claim in the Amended Complaint is based on the same slip and fall incident alleged in the original complaint. Accordingly, Plaintiff's claim in her Amended Complaint arises out of the same occurrence set forth in the original complaint and satisfies Rule 15(c)(2).

## B. *DMC Construction had Sufficient Notice of the Institution of the Action Within the Required Time Period*

The second requirement as discussed in *Taylor* states that, "within the time provided by the rules, the party to be added must have received notice of the institution of the action, so that the party will not be prejudiced" in maintaining a defense the merits.[25] DMC Construction contends that it received no such notice within the time period set forth by the rules. Plaintiff asserts that the March 20, 2015 letter with the original complaint attached constitutes sufficient notice to DMC Construction of the institution of the action.

### 1. DMC Construction received Sufficient Notice of the Action

"Delaware courts have held that 'such notice' under Rule 15(c) is notice of the pending litigation rather than the incident giving rise to the cause of action."[26] The notice requirement can be formal or informal.[27]

---

[23] *Id.* at 264.
[24] Pl.'s Am. Compl. ¶ 8.
[25] *Taylor v. Champion*, 693 A.2d 1072, 1074 (Del. 1997).
[26] *Concklin v. WKA Fairfax, LLC*, 2016 WL 6875960, at *4 (Del. Super. Nov. 16, 2016); *see also Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258 (Del. 1993). The Delaware Supreme Court in *Mullen* stated:

> While 15(c) affords no room for construction as to either the meaning of "institution of the action" or application of the time requirement, the spirit

7

In the recent case of *Concklin v. WKA Fairfax, LLC*, this Court held that "service of a third-party complaint [on a third-party defendant] with the original complaint attached . . . was sufficient so long as such notice is within the prescribed time period."[28]   In *Concklin*, the plaintiff sued defendant property owners, alleging that she slipped and fell on ice in the defendants' parking lot. The property owners then filed a third-party complaint, with the original complaint attached as an exhibit, within the 120-day period after plaintiff filed her complaint. The third party complaint lodged claims against the snow removal company allegedly responsible for clearing snow and ice in the parking lot on the date of the plaintiff's alleged injury.  The plaintiff then amended her complaint to include a direct claim against the snow removal company, which the snow removal company moved to dismiss on grounds that it did not have sufficient notice of the institution of the proceedings within the prescribed time period.  This Court held that the snow removal company had sufficient notice, as it was served with a third-party complaint arising out of the same set of facts and that had the plaintiff's original complaint attached as an exhibit within the time period prescribed by Rule 15(c).[29]

In the case at bar, DMC Construction argues that the March 20, 2015 letter with the original complaint attached to it was not sufficient notice of the institution of the litigation.  The letter read, in pertinent part:

> Please be advised we received the enclosed complaint which was filed on or about January 30, 2015 by Hyacinth L. Fraser in New Castle Superior Court in Delaware against G-Wilmington Associates and Rosen Associates Management Corp. . . . Ms. Fraser alleges in the complaint that on June 1, 2013 while a patron of the Home Depot, Inc. she fell in the parking lot in front of the main entrance to the Home Depot Store. She claims she tripped over a piece of plastic seal debris and sustained injuries.

---

> of the Rules permits liberality of construction as to the type of the notice. The Rule is silent on that point.  The Rules Advisory Committee Notes state that such notice '. . . need not be formal, we agree.  And certain it is that notice by service of process is not mandated, and it may not have to be in writing.

*Mullen*, 625 A.2d at 265 (citing *Mergenthaler, Inc. v. Jefferson*, 332 A.2d 396, 398 (Del. 1975.
[27] *Concklin*, 2016 WL 6875960, at *5.
[28] *Id.*
[29] *Id.*

. . .

     Based on the Sweeping Maintenance Service contracts that G-Wilmington Associates and Rosen Associates Management Corp. had with DMC Construction, LLC . . . you were required to name G-Wilmington Associates and Rosen Associates Management Corp. as Additional Insured's on your Commercial General Liability Policy.

. . .

     Therefore, pursuant to the terms and obligations under these contracts, we are hereby tendering the defense of G-Wilmington Associates and Rosen Associates Management Corp. to DMC Construction for this suit filed by Hyacinth Fraser.[30]

Under Delaware law, this letter constitutes sufficient notice of the institution of the proceedings. As this Court held in *Concklin*, DMC Construction was not required to have formal notice of Plaintiff's institution of the action. *Mullen* indicates that such notice need not even be in writing. However, this notice alerts DMC Construction that Plaintiff has filed a lawsuit against the Original Defendants in which she alleges that she slipped and fell in a parking lot for which DMC Construction had agreed to provide sweeping and maintenance. Accordingly, the March 20, 2015 letter with the attached complaint constitutes sufficient notice to satisfy the requirements of Rule 15(c).

  2. <u>DMC Received Timely Notice of the Institution of the Action Under the Rules</u>

Additionally, DMC Construction's notice was timely. Rule 15(c) requires that notice be given "within the period provided by statute or these Rules for service of the summons and complaint."[31] The time period provided by statute is the two year statute of limitations.[32] The time period provided by the Rules for service of the summons and complaint is 120 days after the filing of the complaint, as set forth in Superior Court Civil Rule 4(j).

---

[30] DMC Construction's Mot. to Dismiss, Ex. A at 1-2.
[31] Super. Ct. Civ. R. 15(c)(3).
[32] 10 *Del. C.* § 8119.

In the case at bar, the alleged incident occurred on June 1, 2013. The applicable two-year statute of limitations therefore expired on June 1, 2015. Plaintiff filed her complaint against the Original Defendants on January 1, 2015. On or about March 20, 2015, DMC Construction received the letter with the original complaint attached from G-Wilmington and Rosen's insurance company. Accordingly, as March 20, 2015 is within the statute of limitations governing this litigation, DMC Construction received notice of the institution of the litigation "within the period provided by statute."[33] Additionally, the Court notes that DMC Construction will not be prejudiced in defending Plaintiff's claim on the merits since it will in any event be a part of the lawsuit as a third-party defendant, and trial is not set until April 9, 2018.

### C. *DMC Construction Knew or Should Have Known That, But For a Mistake Concerning the Identity of the Proper Party, the Action Would Have Been Brought Against It*

Lastly, DMC Construction contends that Plaintiff made no mistake as to the identity of the proper party because "[t]here is no reading of the original complaint that would have indicated Plaintiff intended on suing anyone other than those she chose to sue."[34] Plaintiff contends that she was mistaken as to the existence of a contract between the Original Defendants and DMC Construction because G-Wilmington and Rosen never disclosed such a relationship. It is noteworthy that G-Wilmington and Rosen did not disclose the letter to counsel until December 9, 2015. At oral argument on this motion, counsel for G-Wilmington and Rosen stated that had it been aware of the letter's existence earlier, they would have brought it to the Court and all counsel's attention sooner.

"Relation back is not limited to cases of misnomer," and also applies to the addition of parties not previously named or attempted to be named.[35] "The only relevant inquiry is whether the party to be added knew or should have known of the mistake."[36] "The entity sought to be added may or may not share some element of identity with an original party and the extent of such sharing may determine whether the added party received 'notice of the mistake' within the period of

---

[33] Super. Ct. Civ. R. 15(c)(3).

[34] Def.'s Mot. to Dismiss at 5.

[35] *Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258, 260 (Del. 1993) (providing "[M]isconception of identity of parties within the meaning of Rule 15(c) extends to additional parties as well as named, original parties.").

[36] *Id.*

10

limitations" or the period for service of process.[37]  In *Brown v. City of Wilmington Zoning Bd. of Adjustment*, this Court discussed Delaware cases in which the courts decided whether a sufficient mistake existed under Rule 15(c):

> In [cases finding no sufficient mistake], [the] plaintiffs all knew the identities of the putative defendants/respondents at the time they filed suit, yet they did not demonstrate an intent to sue those parties until after the limitations period ran.  In contrast, the plaintiff in *Mullen* intended to sue all parties involved in decisions concerning the safety of Alarmguard's products prior to the expiration of the statute of limitations, but was mislead as to the identity of those parties by testimony given by a party defendant at deposition.[38]

Moreover, in *Walley v. Harris*, the Court denied a motion to amend for similar reasons to those set forth in *Johnson* and *Trone*.  This Court in *Walley* found that "[t]he identity of the Third-Party Defendant [had] been readily available to the plaintiff since the day of the accident and shortly thereafter a Delaware attorney, by the filing of the Third-Party Complaint, certified there is evidentiary support to establish the Third-Party Defendant's liability."  Because the identity of the potential defendant was readily available to the plaintiff in *Walley*, especially when the Defendant filed a third-party complaint against her, the Court found that the amended complaint did not relate back to the filing date of the original complaint.

In the case at bar, it is apparent that DMC Construction knew or should have known that Plaintiff would have filed suit against it.  It is also apparent that Plaintiff intended to sue all parties involved with the maintenance of the premises, but was unaware of any contractual relationship between DMC Construction and the Original Defendants.  Unlike in *Walley*, Plaintiff neither knew the identity of DMC Construction nor of any claims she may have against it until the Original Defendants filed their third-party complaint.  No party has suggested that Plaintiff was aware of any arrangement by which DMC Construction or any other potential defendant was responsible for the sweeping and maintenance of the premises.  Additionally, by receiving a copy of the original complaint with the March 20, 2015 letter from G-Wilmington and Rosen, DMC Construction knew or should have known Plaintiff would likely hold it responsible for its alleged failure to

---

[37] *Id.* at 266.

[38] 2007 WL 1828261, at *12 (Del. Super. June 25, 2007); *see also Trone v. Delaware Alcoholic Beverage Control Comm'n*, 2000 WL 33113799 (Del. Super. Dec. 28, 2000); *Johnson v. Paul's Plastering, Inc.*, 1999 WL 744427 (Del. Super. Jul. 30, 1999).

11

maintain the premises. Accordingly, DMC Construction's claim that Plaintiff made no mistake as to the identity of the proper party is without merit.

## IV. CONCLUSION

Therefore, DMC Construction's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Richard R. Cooch*
Richard R. Cooch, R.J.

cc: Prothonotary