# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| YINKA AJIBODU OSHATOLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | C.A. No. N19C-02-068 WCC |
| | ) | |
| GEORGEANNA STIPE, AMSPEC, | ) | |
| L.L.C., and PROGRESSIVE | ) | |
| DIRECT INSURANCE COMPANY | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Submitted: January 10, 2020
Decided:  April 8, 2020

**Defendant AmSpec L.L.C.'S Motion to Dismiss – GRANTED**

## MEMORANDUM OPINION

Andres Gutierrez de Cos, Esquire; Andres de Cos LLC, 5211 West Woodmill Drive, #36, Wilmington, Delaware 19808. Attorney for Plaintiff.

Jessica L. Tyler, Esquire; Marshall Dennehey Warner Coleman & Goggin, Nemours Building, 1007 N. Orange Street, Suite 600, P.O. Box 8888, Wilmington, Delaware 19899. Attorney for Defendants Georgeanna Stipe and AmSpec L.L.C.

Sean A. Dolan, Esquire; Mintzer, Sarowitz, Zeris, Ledva, & Meyers, LLP, 919 North Market Street, Suite 200, Wilmington, Delaware 19801. Attorney for Defendant Progressive Direct Insurance Company.

**CARPENTER, J.**

Before the Court is Defendant AmSpec L.L.C.'s ("AmSpec") Motion to Dismiss. For the reasons set forth in this Opinion, Defendant's Motion is **GRANTED**.

## I.    Factual & Procedural Background

This litigation arises out of a motor vehicle collision that occurred on February 21, 2017 between Plaintiff Yinka Ajibodu Oshatola ("Oshatola" or "Plaintiff") and Defendant Georgeanna Stipe ("Stipe").[1] Oshatola brought suit alleging Stipe negligently rear-ended her vehicle and claiming that Stipe was operating her vehicle in the course of her employment at the time of the accident.[2]

Oshatola filed her initial Complaint on February 7, 2019 against Stipe, New Concepts Leasing, Inc. ("New Concepts"), and Progressive Direct Insurance Company ("Progressive").[3] Plaintiff alleged that Stipe was an employee of New Concepts and was operating a company vehicle when the accident occurred.[4] Oshatola successfully served New Concepts and Progressive, but failed to obtain service on Stipe. Plaintiff filed a Motion for Enlargement of Time for Completion of Service on Stipe, which the Court granted on June 4, 2019.[5] When Plaintiff's

---

[1] Am. Compl. ¶ 5.
[2] *Id.* ¶¶ 8, 15.
[3] Compl.
[4] *Id.* ¶¶ 6-8.
[5] *See* Order Granting Pl.'s Mot. to Enlarge Time for Completion of Service (June 4, 2019).

further attempts to obtain service were unsuccessful, the Court granted her Motion for Special Process Server on July 3, 2019.[6] The Court granted Plaintiff's second Motion for Enlargement of Time to serve Stipe on September 20, 2019, allowing an additional 120 days for service.[7]

Thereafter, Plaintiff learned that New Concepts was not, in fact, Stipe's employer.[8] Oshatola filed a Motion to Amend the Complaint to replace New Concepts with AmSpec, Stipe's true employer.[9] The Court granted the Motion and Plaintiff filed an Amended Complaint on October 31, 2019. Stipe was successfully served on November 21, 2019; although, it appears she first learned of the lawsuit in July 2019 when she received Plaintiff's Motion for Special Process Server in the mail.[10] AmSpec was successfully served on November 12, 2019; however, it learned of the lawsuit from New Concepts on July 9, 2019.[11]

AmSpec filed a Motion to Dismiss the Amended Complaint as untimely, arguing that Plaintiff added AmSpec as a Defendant eight months after the statute of limitations expired.[12] This is the Court's decision on Defendant AmSpec's Motion.

---

[6] *See* Order Granting Pl.'s Mot. for Special Process Server (July 3, 2019).
[7] *See* Order Granting Pl.'s Mot. to Enlarge Time for Completion of Service (September 20, 2019).
[8] Pl.'s Mot. to Amend the Compl. ¶ 2.
[9] *Id.* ¶ 5.
[10] Def. AmSpec LLC's Mot. to Dismiss ¶¶ 6, 8.
[11] *Id.* ¶¶ 6-7.
[12] *Id.* ¶ 9.

## II. Standard of Review

When considering a Rule 12(b)(6) motion to dismiss, the Court "must determine whether the claimant 'may recover under any reasonably conceivable set of circumstances susceptible of proof.'"[13] It must also accept all well-pleaded allegations as true, and draw every reasonable factual inference in favor of the non-moving party.[14] At this preliminary stage, dismissal will be granted only when the claimant would not be entitled to relief under "any set of facts that could be proven to support the claims asserted" in the pleading.[15]

## III. Discussion

AmSpec argues that Plaintiff's Amended Complaint must be dismissed as untimely because the amendment does not satisfy the requirements of Superior Court Civil Rule 15(c)(3) and, thus, does not relate back to the date the original Complaint was filed.[16] AmSpec asserts that it had no notice of the lawsuit until July 9, 2019 and was not served until November 12, 2019, nine months after the statute of limitations expired.[17] Further, AmSpec maintains that Oshatola cannot demonstrate that it knew

---

[13] *Sun Life Assurance Co. of Can. v. Wilmington Tr., Nat'l Ass'n*, 2018 WL 3805740, at *1 (Del. Super. Ct. Aug. 9, 2018) (quoting *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978)).
[14] *Id.*
[15] *See Furnari v. Wallpang*, *Inc.*, 2014 WL 1678419, at *3–4 (Del. Super. Ct. Apr. 16, 2014) (citing *Clinton v. Enter. Rent–A–Car Co.*, 977 A.2d 892, 895 (Del. 2009)).
[16] Def. AmSpec LLC's Mot. to Dismiss ¶ 9.
[17] *Id.* ¶¶ 7, 14.

4

or should have known within the statute of limitations that, but for a mistake in identity, AmSpec would have been included in the lawsuit.[18] As such, it contends the claims cannot relate back and must be dismissed as time barred.[19]

In response, Oshatola asserts that the Amended Complaint satisfies Rule 15(c)(3) because AmSpec received timely notice of the suit via service upon its employee, Stipe, within the extension period granted by the Court.[20] Alternatively, Plaintiff argues two theories of constructive notice: (1) the identity of interests theory; and (2) the shared attorney theory. Oshatola alleges that AmSpec was on "constructive notice due to the 'identify [sic] of interests' theory once Defendant Stipe was served with the Complaint" because the "business relationship between the two parties [AmSpec as employer, Stipe as employee] satisfies the notice requirement as a matter of law."[21] Additionally, Plaintiff maintains that AmSpec and Stipe share the same counsel, which she contends establishes constructive notice to AmSpec based on counsel's knowledge of the suit.[22] Lastly, Plaintiff claims AmSpec should not be dismissed because it would not be prejudiced by allowing the amendment to relate back, as their liability "is identical to Defendant Stipe."[23]

---

[18] *Id.* ¶ 15.
[19] *Id.* ¶ 19.
[20] Pl.'s Resp. to Def. AmSpec LLC's Mot. to Dismiss ¶ 6.
[21] *Id.* ¶ 7.
[22] *Id.* ¶ 8.
[23] *Id.* ¶ 9.

In order to relate back, the amendment must meet the requirements of Superior Court Civil Rule 15(c)(3). Pursuant to this rule, an amendment of a pleading relates back to the original date of filing when the claim asserted in the amended pleading arose out of the same transaction or occurrence set forth in the original pleading and:

> (3) . . . within the period provided by statute or these Rules for service of the summons and complaint, the party to be brought in by amendment
>> (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and
>>
>> (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.[24]

Under this Rule, notice may be given after expiration of the statute of limitations, provided that it occurs within the 120-day service window, pursuant to Superior Court Civil Rule 4(j).[25] Notice is "liberally construed" and it need not be "formal or in writing."[26] As such, service of process requires only that the communication "ensure[s] the new party receives sufficient notice of the proceedings."[27] In contrast, Delaware has "traditionally followed the 'strict approach' to what a mistake under Rule 15(c) means."[28] The Court has no discretion in determining whether an amendment filed after the statute of limitations and the

---

[24] Del. Super. Ct. Civ. R. 15(c)(3).

[25] *Pierce v. Williams*, 2018 WL 3655863, at *2 (Del. Super. Ct. July 31, 2018); Del. Super. Ct. Civ. R. 4(j).

[26] *Atwood v. Cameron*, 2012 WL 3642707, at *2 (Del. Super. Ct. July 31, 2012).

[27] *Atwood,* 2012 WL 3642707, at *2.

[28] *Difebo v. Bd. of Adjustment of New Castle Cty.*, 132 A.3d 1154, 1158 (Del. 2016).

120-day service period has expired relates back to the original complaint under Rule 15(c)(3).[29]

In the instant matter, the statute of limitations expired on February 21, 2019 and the 120-day period for service expired on June 21, 2019.[30] Oshatola filed the Amended Complaint on October 31, 2019, eight months after the statute expired. As such, the amendment must be dismissed, unless it relates back to the original Complaint pursuant to Rule 15(c)(3). There is no dispute that the claim asserted in the amended pleading arose out of the same occurrence - the motor vehicle accident - set forth in the original pleading. However, the parties dispute whether the notice and mistake elements are satisfied.

Although Plaintiff alleges that because Stipe was an employee of AmSpec, notice can be imputed to AmSpec, the Court is not persuaded. In *Zhai v. Stein*, the Court, in considering whether to impute notice from an employer to an employee, found that a non-management employee generally "does not share a sufficient nexus of interests with his or her employer" so that notice can be imputed.[31] As such, the identity of interests theory cannot be established by a mere allegation of an employment relationship. The *Zhai* Court found that the allegations provided "no

---

[29] *Atwood,* 2012 WL 3642707, at *1; *see Chaplake Holdings, LTD. v. Chrysler Corp.*, 766 A.2d 1, n. 5 (Del. 2001); *see also Taylor v. Champion*, 693 A.2d 1072, 1074 (Del. 1997) ("Unlike subsection (a) of Rule 15, subsection (c)(3) includes no discretionary powers for the Superior Court to exercise.").

[30] *See* 10 Del. C. § 8119.

[31] *Zhai v. Stein*, 2012 WL 1409358, at *4 (Del. Super. Ct. Jan. 6, 2012).

indication that [the defendant employee was] a management level employee" and, therefore, there was no credible evidence to conclude that the employee and employer shared interests.[32] Accordingly, the Court held that it could not impute notice since "[c]ontractual relationships, by themselves, are insufficient to demonstrate an identity of interest justifying the imputation of knowledge for the purposes of determining whether the amended complaint naming new defendants relates back to the filing of the original complaint."[33]

Oshatola has not alleged any facts regarding Stipe's position at AmSpec and, as such, has made no assertions that Stipe is a management or upper level employee of AmSpec. As in *Zhai*, there is no credible evidence to determine that the employer and employee share interests based solely on Stipe's employment. Therefore, the Court finds that notice cannot be imputed to AmSpec from Stipe.

Even if the Court were to accept Oshatola's argument that AmSpec constructively received notice via service on its employee, service on Stipe occurred after the statute of limitations and 120-day service window expired on June 21, 2019. Rule 15(c)(3) requires that notice be timely, and any notice that occurs after this time period does not satisfy the Rule.[34] Although the Court granted an extension for

---

[32] *Id.* at *5.

[33] *Id.* at *4.

[34] *Atwood,* 2012 WL 3642707, at *2 (finding notice that occurred "a month after the original complaint's 120-day service deadline" untimely and insufficient under Rule 15(c)(3)).

Plaintiff to serve Stipe, this extension cannot be used to extend the period of time to serve AmSpec. Therefore, even if notice could be imputed to AmSpec when Stipe was first notified in July 2019, it would be untimely and, as such, insufficient to satisfy the requirements of Rule 15(c)(3).

Similarly, the shared attorney theory cannot be used to establish timely notice to AmSpec. Although Plaintiff argues that Stipe and AmSpec share the same counsel and, thus, notice should be imputed to AmSpec, Plaintiff does not allege nor does she offer any evidence that Defendants' counsel knew or should have known of the lawsuit by June 21, 2019. Further, Plaintiff does not allege any facts pertaining to when AmSpec or Stipe retained counsel, which is crucial to determining the timeliness of the notice. In order to impute notice based on attorney knowledge there must be "some communication or relationship between the shared attorney and the . . . defendants prior to the expiration of the 120-day period."[35] Since there appears to be no dispute that the earliest that Stipe knew about the lawsuit was July of 2019 and therefore would have had no reason to seek counsel before then, the Court is unable to reasonably conclude there was a shared knowledge of the lawsuit by June 21, 2019. Even construing all facts in the light most favorable to the Plaintiff, the Court

---

[35] *Cordrey v. Doughty*, 2017 WL 4676593, at *3 (Del. Super. Ct. Oct. 11, 2017) (quoting *Lovett v. Pietlock*, 32 A.3d 988, 989 (Del. 2011) (internal quotations omitted)).

must dismiss the claims against AmSpec as untimely because they do not relate back to the original Complaint.

**IV.   Conclusion**

For the foregoing reasons, Defendant AmSpec L.L.C.'s Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

/s/ William C. Carpenter, Jr.
Judge William C. Carpenter, Jr.
