# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MARVA S. HALL, )
)
Plaintiff, )
)
       v. ) C.A. No.: N20C-03-192 FJJ
)
GEICO ADVANTAGE INSURANCE )
COMPANY, a foreign corporation, and )
HS CAPITAL, LLC, a limited liability )
company, )
       Defendants. )

Submitted: January 25, 2021
Decided: February 3, 2021

## ON HS CAPITAL, LLC'S MOTION TO DISMISS

## DENIED

## <u>OPINION AND ORDER</u>

Kathryn L. Hemming, Esquire (Argued) and Gary S. Nitsche, Esquire of Weik, Nitsche & Dougherty LLC, Wilmington, Delaware, *Attorneys for Plaintiff.*

William A. Crawford Esquire (Argued) and Michael Torrice, Esquire of Franklin & Prokopik, Wilmington, Delaware, *Attorneys for Defendant HS Capital, LLC*

Dawn L. Becker, Esquire of Law Office of Dawn L. Becker, *Attorneys for Defendant GEICO Advantage Insurance Co.*

**Jones, J.**

Plaintiff has moved this Court to permit her to amend her complaint to add two defendants to this case: Jamir Steed ("Steed") and Jahbree McKenrick ("McKenrick"). Defendant, HS Capital LLC, ('HS Capital"), the former employer of Steed and McKenrick, has opposed the Motion. Having consider the parties positions it appears to the Court that:

1. Plaintiff filed the instant lawsuit on March 19, 2020, alleging personal injuries from a motor vehicle accident that occurred on or about August 29, 2018. In the Complaint, Plaintiff claims that an unknown driver operating a vehicle with the HS Capital logo on it was involved in the accident. The complaint named HS Capital and GEICO, in its capacity as Plaintiff's uninsured motorist carrier, as defendants. HS Capital was served on May 26, 2020. On August 5, 2020, Plaintiff filed a Motion for Default Judgment against HS Capital. HS Capital filed an Answer on August 19, 2020. The Answer and Form 30 Interrogatory Answers did not identify any driver of the HS Capital car. In fact, it has been the position of HS Capital that neither its vehicle drivers nor any of its employees knows anything about the accident which gave rise to this lawsuit occurring.

2. In August 2020, counsel for the Plaintiff emailed the Complaint to counsel for HS Capital and requested the name of the driver of the HS Capital vehicle that was involved in the collision. Plaintiff's counsel made further

communications requesting the name of the driver but received no response to these requests. On October 26, 2020, Plaintiff filed a Motion to Compel full Answers to the Form 30 Answers Interrogatories. On November 17, 2020, this Court denied the motion on the basis that the Answers were complete given HS Capital's response that they did not believe its employees were involved in the accident. In denying the request, the Court suggested that Plaintiff's counsel should use the discovery tools available to her to get the information she needed. A Rule 30 (b)(6) deposition occurred on December 10, 2020, during which time Steed and McKenrick were identified as potential drivers of the HS Capital vehicle. This motion, which seeks to add Steed and McKenrick as named Defendants, followed shortly thereafter.

3. At oral argument in this matter counsel for HS Capital advised that by no later than October 26, 2020, a representative of HS Capital had spoken with Steed and McKenrick about what they knew about this accident. In December 2020 plaintiff's counsel sent certified letters to both Steed and McKenrick informing them of this lawsuit and indicating that Plaintiff intended to add them as named defendants. They each received this notification by December 28, 2020.

4. HS Capital opposes the instant motion to amend on the grounds that the claims are barred by the applicable statute of limitations. Plaintiff counters

3

that the Amended Complaint seeking to add Steed and McKenrick relates back under Superior Court Civil Rule 15 (c) and is therefore timely. At oral argument the Court granted the Motion to Amend but reserved decision on whether the addition of Steele and McKenrick was timely. This decision addresses HS Capital's Motion to Dismiss on the grounds that the amended complaint is untimely and barred by the statute of limitations.

5. Whether the amended complaint is timely turns on whether plaintiff meets all the requirements of the relation back provisions of Superior Court Civil Rule 15(c).

6. Rule 15(c) requires three conditions to be met in order for an amended complaint to relate back to a previous complaint: (1) the claim or defense asserted in the amended pleading must arise out of the same conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading; (2) within the period provided by statute or the rules for service of the summons and complaint, the party whom the Plaintiff seeks to add as a defendant via the amendment must receive notice of the institution of the action so that the new party will not be prejudiced in maintaining a defense on the merits; and (3) within the period provided by the statute or the rules for service of the summons and complaint, the party to be added as a defendant by the amendment must know or be in a position

4

where he or she should have known that but for a mistake concerning the identity of the party, the suit would have been brought against the party.[1]

7. There can be no dispute that the claims against Steed and/or McKinley arise out of the same conduct, transaction, or occurrence set forth in the original complaint.

8. HS Capital contends that Plaintiff has failed to meet the third condition of Rule 15(c) because there was no mistake concerning their identity and/or involvement in the suit. Rule 15 motions to amend commonly involve mistakes about the names of entities and successor entities, but the scope of this rule is much broader.[2] Delaware's approach regarding what constitutes mistake under Rule 15(c) turns on whether the plaintiff can demonstrate intent to sue the proper parties. In both *Cordery* and *Fraser v. G-Wilmington Associates L.P.*,[3] this Court found that a mistake existed where the plaintiffs conducted an investigation into the identities of the parties implicated in an incident which resulted in a lawsuit, and where it was clear that the plaintiffs intended to sue all who were involved in the underlying incident. By contrast, in those Delaware cases where the Court found no sufficient mistake, the plaintiff knew the identities of the putative defendants at the time they initiated the lawsuit, but did not demonstrate

[1] See *Taylor v. Champion*, 693 A.2d 1072, 1074 (Del. 1997).
[2] *Cordrey v. Doughty*, 2017 WL 4676593, at *5 (Del. Super. 2017). *See also Pierce v Williams et al.*, 2018 WL 3655863, at *3 (Del. Super. 2018).
[3] See *Fraser v. G-Wilmington Associates, L.P.*, 2017 WL 365500 (Del. Super., 2017)

an intent to sue the additional parties until it was too late.[4] In the instant case, plaintiff's actions include asking defense counsel for the names of the drivers when defense counsel began representing Defendants, filing a motion to compel more complete Answers to Form 30 Interrogatories, conducting a Rule 30(b)(6) deposition, and promptly moving to amend the Complaint in order to include the potential drivers identified following the deposition. Contrary to HS Capital's argument that plaintiff delayed and waited until the last minute to file the Amendment Complaint, the record shows that plaintiff was diligent from the outset in trying to ascertain the identity of driver involved in the accident. These actions demonstrate an intent to sue all parties who were involved in the accident, including the driver of the HS Capital van involved in the accident in the driver's individual capacity. A mistake exists because plaintiff demonstrated an intent to sue all of the proper parties.[5]

9. I now turn to the third requirement under Rule 15(c), which requires that that Steed and McKenrick must have received "such notice of the institution of the action within the period provided for by statute or the rules for service of the summons and complaint." Under Rule 15(c), the term "such notice" does not refer to notice of the incident giving rise to the

---

[4] *See Pierce v. Williams*, 2018 WL 3655863 (Del. Super. 2018).
[5] *Id.*

6

cause of action, but rather refers to notice of the pending lawsuit itself.[6] This notice can be either formal or informal: "service of process is not mandated, and such notice may not even have to be in writing."[7] Moreover, the party against whom the claim is filed must have received such notice within the period set forth by statute or the rules for service of the summons and complaint. Under Rule 15(c), notice may be given after the termination of the limitations period, provided that notice occurs within the additional 120-day period for service provided by Rule 4(j).[8]

10. By October 26, 2020, the 4 individuals that HS Capital believed may have been driving the HS Capital vehicle involved in the accident (including Steed and McKenrick) were questioned by HS Capital about what they knew about the accident. This questioning was enough to put Steed and McKenrick on notice of the lawsuit. Even if this were not sufficient to give them sufficient notice of the lawsuit, both Steed and McKinley knew by December 28, 2020, that they were being added to a lawsuit via a certified letter that each of them had received from Plaintiff's counsel. These letters clearly were sufficient notice to meet the requirements of Rule 15(c).[9]

---

[6] *Concklin v. WKA Fairfax LLC,* 2016 WL 6875960, at *3 (Del. Super. Nov. 16 2016).
[7] *Pierce,* at *2.
[8] *Walker v. Handler,* 2010 WL 4703403, at *3 (Del Super. 2010); *Pierce v. Williams,* 2018 WL 3655863, at *2 (Del. Super. 2018).
[9] See Plaintiffs Mem. Of Law and attached Exhibits filed Jan. 15, 2021.

11. HS Capital asserts that under Rule 15(c) the 120-day period for service provided by Rule 4(j) is counted beginning on the date of the filing of the complaint the Plaintiff is trying to amend. Using this standard, the 120-day period in this case would have begun to run on March 19, 2020, and would have expired on July 17, 2020. This would result in the claims against Steed and McKenrick being time barred. Plaintiff's interpretation of Rule 15(c) is that the 120 days is added to the end of the statute of limitations period, and therefore the addition of Steed and McKenrick is timely.[10]

12. At least three prior decisions of this Court have addressed when the count begins: *Clifton v. Rite Aide of Delaware, Inc.*, 2020 WL 3865282 (Del. Super. 2020); *Franco v. ACME Markets*, 2018 WL 5840658 (Del. Super. 2018); and *Pierce v. Williams*, 2018 WL 3655863 (Del Super. 2018). In *Franco*, Resident Judge Butler wrote:

> It seems self-evident that a rule governing the relation back of a new pleading to a prior pleading would have but one purpose: avoiding a limitations period that would otherwise apply if the prior pleading were deemed improper for technical, remediable reasons. A rule limiting relation back of an amendment to 210 days of initial filing, regardless of the statute of limitations, serves no purpose at all. Defendant's construction divorces Rule 15(c) from the statute of limitations- the very reasons for its existence- and asks the Court to

---

[10] In the instant case, the statute of limitations expired on August 29, 2020. The service period of 120 days beyond the expiration of the statute of limitations would have been Sunday, December 27, 2020. Del Super. Ct. Cv. Rule 6 does not allow for the expiration of a deadline to occur on a weekend or holiday, which would result in the expiration date falling on Monday, December 28, 2020, under Plaintiff's interpretation of Rule 15(c).

8

engage in grammatical diagramming without regard to what the sentence seeks to accomplish.[11]

13. Like Resident Judge Butler, this Judge will not engage in grammatical diagramming without regard to the objective which Rule 15(c) seeks to accomplish. This Court elects to follow the well-reasoned view of Resident Judge Butler. As such, this Court finds that Plaintiff has satisfied the timing requirements of Rule 15(c).

14. Defendant claims that adding Steed and McKenrick as additional defendants would be prejudicial because they no longer work for HS Capital. Steed and McKenrick both left HS Capital in 2018.[12] The Court sees no additional prejudice to HS Capital by adding Steed and McKenrick in December 2020 as opposed to March 2020, when the initial Complaint in this action was filed. This is especially the case because part of the delay included HS Capital not filing a timely response to the Complaint and the need for Plaintiff to file a Motion for Default to get HS Capital to file an Answer.

15. Plaintiffs have satisfied the required conditions necessary under Rule 15(c). Therefore, Plaintiff's amended complaint relates back to the original timely complaint, and Plaintiff's claims against Steed and/or McKinley are not time-barred.

---

[11] *Franco*, 2018 WL 5840658, at *3.
[12] See Defendant's Response in Opposition to Plaintiff's Motion to Amend the Complaint, at pg. 2.

For the above reasons HS Capital's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED**.

_____
Francis J. Jones, Judge

cc:     File&ServeXpress