DUFFY, Justice:
 

 This appeal brings up for review an order of the Superior Court granting a motion under Civil Rule 15(c), Del.C.Ann., to amend the complaint.
 

 I
 

 On March 12, 1971 plaintiffs filed a complaint for personal injuries against Mer-genthaler, Inc., a Delaware corporation wholly owned by Lawrence E. Mergenthaler; he was served on March 16, 1971.
 

 The injuries were allegedly sustained by plaintiff Appolonia Jefferson while she
 
 *395
 
 was a passenger in a bus which was struck by a bus owned by Mr. Mergenthaler; at the time, he was operating a business as a sole proprietor (Lawrence E. Mergenthaler, trading as Mergenthaler’s Bus Service). Apparently, the business was incorporated (under the title of the named defendant) after the collision and before the complaint was filed. In any event, it is undisputed that the corporate defendant was not in existence at the time of the collision.
 

 The incident occurred on March 15, 1969 and is governed by a two-year statute of limitations. 10 Del.C. § 8118.
 

 Relying on our decision in Annone v. Kawasaki Motor Corp., Del.Supr., 316 A.2d 209 (1974), the Superior Court permitted plaintiff to amend the complaint and add the predecessor entity (Mergenthaler’s Bus Service) and Mr. Mergenthaler, individually as defendants. The effect of the Court’s order is to relate the amendment back to the date when the complaint was filed.
 

 II
 

 Defendant contends that Rule 15(c) requires that notice of “commencing the action” must be given (to a party to be brought in) within the statutory (two-year) period and that was not done here. Such notice was given in
 
 Annone
 
 and, continues defendant, the difference is critical and determinative.
 

 Plaintiffs rely on
 
 Annone
 
 and say that the ruling by the Trial Court was discretionary and no abuse thereof has been shown.
 

 III
 

 Superior Court Rule 15(c) is identical to the same numbered Federal Rule of Civil Procedure
 
 [1]
 
 and reads as follows:
 

 “Relation Back of Amendments.
 
 Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.”
 

 On its face the Rule seems clear but, given the volume of litigation it has generated, there is more to it than meets the eye. See, e. g., Annot. 12 A.L.R.Fed. 233; Wright and Miller, Federal Practice and Procedure: Civil § 1498, et seq.; 3 Moore’s Federal Practice § 15.15.
 

 Most of the controversy has centered on the notice provision. See Annot. 11 A.L. R.Fed. 269 (1972). As to
 
 what
 
 notice the party to be added must receive, the cases divide generally along two lines: Those which require that a party have notice that an action (lawsuit) has been filed, Craig v. United States, 413 F.2d 854, 11 A.L.R.Fed. 261 (9th Cir. 1969) cert. den. 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed. 451; Archuleta v. Duffy’s Inc., 471 F.2d 33 (10th Cir. 1973), and those which find notice of a claim sufficient, see, e. g., Meredith v. United Airlines, 41 F.R.D. 34 (D.Cal.1966). Compare Wentz v. Alberto Culver Co., 294 F.Supp. 1327 (D.Mont.1969).
 

 We think the words “institution of the action” are clear and unambiguous and do not permit construction by the Court. We agree with the
 
 Craig
 
 Court: /•
 

 “In our opinion, ‘action,’ as used in Rule 15(c), means a lawsuit, and not the inci
 
 *396
 
 dent giving rise to a lawsuit. The relevant words are ‘notice of the institution of the action.’ A lawsuit is instituted; an incident is not.” 413 F.2d at 858, 11 A.L.R.Fed. at 267. Accord:
 
 Archuleta
 
 supra 471 F.2d at 35.
 

 Under Rule 15(a) the allowance of any amendment (after the first) is discretionary. This is to say that, speaking generally, an order permitting or refusing such an amendment is reviewable only on an abuse-of-discretion basis. But that generality gives way to the specific requirement of Rule 15(c) when any amended pleading is offered which will “relate back” to the date of the original pleading. When that objective is sought, Rule 15(c) has its own mandate, the rationale for which is clear when its impact upon a statute of limitations is considered. Thus in a given case, when the Rule is applied, the effect thereof is to “enlarge” the limitations period. And if the resulting “tension” between the Rule and a limitations statute, Yorden v. Flaste, 374 F.Supp. 516 (D.Del.1974), is to be fairly and consistently resolved, it seems to us that the Rule must be applied in accordance with its terms.
 

 By those terms, any claim or defense asserted in a proposed amendment relates back only if it arose out of the conduct stated in the original pleading. And if an amendment seeks to change a party against whom a claim is asserted, there are additional requirements. Such an amendment relates back if (a) within the limitations period the party to be brought in (b) has received such notice of the “institution of the action” that he will not be prejudiced in defending on the merits and (c) he knew or should have known that but for the mistake in identity, the action would have been against him.
 

 It seems clear to us that the Rule requirements are directed to both time and content; thus as to “time,” notice must be given within the period provided by law for commencing the action — and that can only mean the limitations period; as to “content,” the notice must be given of the “institution of the action,” and that can only mean the lawsuit, not merely of a claim or allegation. See
 
 Craig,
 
 supra; compare
 
 Meredith,
 
 supra, and Patterson v. White, D.C., 51 F.R.D. 175 (1970)
 
 [2]
 

 While 15(c) affords no room for construction as to either the meaning of “institution of the action” or application of the time requirement,
 
 [3]
 
 the spirit of the Rules permits liberality of construction as to the type or quality of the notice. The Rule is silent on that point. The Rules Advisory Committee Notes state that such notice “ . . . need not be formal,” 39 F.R.D. 82; we agree. And certain it is that notice by service of process is not mandated, and it may not even have to be in writing.
 

 IV
 

 Here, it is undisputed that the first (transaction) requirement of the Rule has been met but there is nothing in the record to show that notice of the institution of the action, i. e., the filing of the lawsuit, was given within the statutory period to defendants to be brought in.
 
 [4]
 
 That is the
 
 *397
 
 critical difference between this case and
 
 Annone.
 
 As we have emphasized on many occasions, cases should be decided on their merits and we fully support that objective. But we cannot bend the clear language of a Rule to accommodate a litigant who waited until the statute of limitations was about to expire and then sued the wrong party.
 

 The judgment of the Superior Court must be reversed with directions to give plaintiffs an opportunity to show that the notice requirements were met and, in any event, without prejudice to plaintiffs’ claim that the corporate defendant assumed the obligation of its predecessor.
 

 Reversed.
 

 [1]
 

 . Except as to a provision in the Federal Rule relating to service of process on the United States.
 

 [2]
 

 . Wright and Miller (Civil § 1498) criticize
 
 Craig
 
 while conceding that it “may be a technically correct” reading. But rules are intended to prescribe procedural technique and certainty. Buie 15(c) ⅛ relation-back mechanism permits, as we have noted, an exception to the statute of limitations. It seems to us a misuse of the power of judicial construction to construe such clear language so as to en-graft an “exception upon an exception.”
 

 [3]
 

 . “[Wjithin the period provided by law” means just that. See 10 Del.C. § 8118.
 

 [4]
 

 .The accident occurred on March 15, 1969 and the “ . . . period provided by law for commencing the action . . . ” is two years from that date. 10 Del.C. § 8118. AVhile plaintiffs mount some argument to the contrary, it is clear that the limitations period expired at midnight March 15, 1971. Super. Court Buie 6(a) (Civil) ; Leake v. Bullock, 104 N.J.Super. 309, 250 A.2d 27 (1969). See generally 86 C.J.S. Time § 9.