**Eleanor C. PARKER, now deceased Roger A. Suro, Executor of the Estate of Eleanor C. Parker, Defendants Below, Appellants,**

v.

**Patrick T. BRECKIN, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted Dec. 9, 1992.

Decided Feb. 10, 1993.

Stephen P. Casarino (argued), and Judith R. Reese, Casarino, Christman & Shalk, Wilmington, for appellants.

Jeffrey S. Marlin (argued), Biggs & Battaglia, Wilmington, for appellee.

Before VEASEY, C.J., HORSEY and HOLLAND, JJ.

VEASEY, Chief Justice:

The issue on this appeal is whether an amended complaint relates back under Super.Ct.R. 15(c) to the date of the original filing in which a person who was at the time deceased was named as the defendant, the executor of the estate of the deceased person was not named as the defendant until an amended complaint was filed after the statute of limitations had run, and where the executor was not given notice, within the two-year period provided in the statute of limitations, of the filing of the suit, but where the decedent's insurance

carrier did have notice of a potential claim within the two-year period. The Superior Court held that the amendment related back and refused to dismiss the action. We accepted the interlocutory appeal, and we reverse and remand.

The facts in this case are not in dispute. On July 1, 1988, appellee Patrick T. Breckin ("Breckin") was injured in an automobile accident with Eleanor C. Parker ("Parker"). Parker died two months after the accident. Breckin filed suit in the Superior Court on June 29, 1990, the eve of the running of the statute of limitations, naming Parker (the decedent) as the defendant. The Sheriff's return was filed with the notation "mortuus est." On September 27, 1990, Breckin filed an amended complaint naming the executor of Parker's estate (the "Executor") as the defendant. Between the time of the accident and the filing of the original complaint, Breckin had been in contact with decedent's insurer (State Farm) concerning the potential claim. Nothing in the record suggests, and indeed Breckin does not claim, that either the Executor or State Farm had notice of the institution of the suit within the two-year period of the applicable statute of limitations.

The Executor moved for summary judgment, claiming that the statute of limitations had expired since the Executor was not named a defendant until September 27, 1990, more than two years after the statute of limitations began to run. 10 *Del.C.* § 8119. The motion was denied by the trial court. From that interlocutory order the Executor brings this appeal, which we accepted pursuant to Supr.Ct.R. 41. *Parker v. Breckin*, Del.Supr., C.A. No. 260, 1992 (July 8, 1992).

The issue on this appeal involves a determination of Delaware law and, as such, is reviewed *de novo* by this Court. *Fiduciary Trust Co. v. Fiduciary Trust Co.*, Del. Supr., 445 A.2d 927 (1982). That issue turns on the proper application of Superior Court Civil Rule 15(c) ("Rule 15(c)"), which governs the relation back of an amendment to a pleading and which provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

*Id.* (emphasis added). This Court thoroughly discussed the proper application of Rule 15(c) in *Mergenthaler, Inc. v. Jefferson*, Del.Supr., 332 A.2d 396 (1975). In that case, the plaintiff was injured when the vehicle in which she was riding was hit by a bus owned by Lawrence E. Mergenthaler, the sole proprietor of Mergenthaler's Bus Service. *Id.* at 397. After the accident, but before suit was filed, Mr. Mergenthaler incorporated the business and the bus became the property of the corporation. The plaintiff then filed suit against the corporation in the belief that the corporation owned the bus at the time of the accident. After the statute of limitations had expired, the Superior Court allowed the plaintiff to amend the complaint to add the predecessor business entity and Mr. Mergenthaler individually. We reversed, and held that "the words 'institution of the action' are clear and unambiguous and do not permit construction by the Court." *Id.* We held that notice of the incident giving rise to the suit, or notice of a potential claim, is not enough to satisfy Rule 15(c):

> It seems clear to us that the Rule requirements are directed to both time and content; thus as to "time," notice must be given within the period provided by law for commencing the action—and that can only mean the limitations period; as to "content," the notice must be given of the "institution of the action," and

that can only mean the lawsuit, not merely of a claim or allegation.

*Id.* at 398.

We further found in *Mergenthaler* that, although Rule 15(a) which governs generally the power of courts to allow parties to amend the pleadings is discretionary, "that generality gives way to the specific requirement of Rule 15(c)" when the moving party seeks to have the amendment relate back to the date of the original pleading. *Id.* at 398. Because there was nothing in the record to show that "notice of the institution of the action" was given within the statutory period, we concluded that the amendment could not relate back.

Other courts have applied the same rationale when interpreting the same rule. In *Davis v. Cadwell,* 94 F.R.D. 306 (D.Del. 1982), the plaintiff filed suit against another driver for personal injuries sustained in an automobile accident. After the statute of limitations had expired the plaintiff discovered that the other driver had died. The plaintiff thereafter moved to amend the complaint to add the executor of the driver's estate. The district court denied the motion because the executor had not received notice of the institution of the suit within the statutory period. *Id.* at 308–309. *See also Radzewicz v. Neuberger,* Del.Super., 490 A.2d 588 (1985) and *Samstag v. McDonough,* Ohio Ct.App., No. 34134 (June 26, 1975) (both holding that the executor of the named defendant could not be substituted for the defendant in an amended complaint because he had not received notice of the institution of the suit before the statute of limitations had expired).

The key issue, therefore, is whether the person being added as the defendant in lieu of the deceased person had notice of the institution of the action *before* the expiration of the statute of limitations. In the case at bar, the Executor had no such notice. The Superior Court held, however, that another factor should be considered when the plaintiff substitutes an executor for a deceased defendant where the decedent's insurance carrier knew of the plaintiff's claim and that the claim was likely to

have merit. According to the Superior Court, if the insurance carrier held itself out in such cases as the agent for the decedent in matters involving the accident, and had a "running correspondence" with the plaintiff during the statutory period, the failure of the plaintiff to notify the executor "of the institution of the action" within the statutory period does not prevent the amended complaint from relating back, notwithstanding the express language in Rule 15(c). *Breckin v. Parker,* Del.Super., C.A. No. 90C–JN–250, 1992 WL 114080 (May 19, 1992).

The Superior Court relied primarily on *Snow v. Webb,* Del.Super., 563 A.2d 1059 (1989) and *Johnson v. Ptak,* Del.Super., C.A. No. 87C–AP–190, 1989 WL 64303 (June 5, 1989) (applying the principle enunciated in *Snow*). In *Snow,* the Superior Court stated: "In considering the [notice] requirement of Rule 15(c) ... the notice which the insurer had and its involvement with plaintiff's claims may be considered if there are facts in a particular case which sets that case apart." *Snow,* 563 A.2d at 1062. The court discussed in detail the extensive correspondence that was exchanged between the insurance carrier and the plaintiff until two weeks before the expiration of the statute of limitations. Additionally, the court stated that because the estate consisted solely of the right to collect under his automobile insurance policy, the insurance carrier was the true party in interest. The court concluded that it was proper to allow the amended complaint to relate back because the insurance carrier would not be prejudiced in this case.

We hold that *Snow, Ptak,* and the Superior Court's decision in the case at bar were wrongly decided under existing Delaware law. From the plain language of Rule 15(c) and from this Court's decision in *Mergenthaler,* it is clear that before an amended pleading can relate back to the date of the original pleading, certain requirements must be met which a court does not have the authority to change. As this Court stated in *Mergenthaler:*

When [relation back] is sought, Rule 15(c) has its own mandate, the rationale

for which is clear when its impact upon a statute of limitations is considered. Thus in a given case, when the Rule is applied, the effect thereof is to "enlarge" the limitations period. And if the resulting "tension" between the Rule and a limitations statute ... is to be fairly and consistently resolved, it seems to us that the Rule must be applied in accordance with its terms.

*Mergenthaler*, 332 A.2d at 398.

Further, the Superior Court provides no authority for the proposition that consideration of the involvement of the defendant's insurance carrier is appropriate under the rule. The discretionary grace permitted under Rule 15(a) is not applicable to Rule 15(c). Rule 15(a) merely states that a pleading may be amended at the discretion of the court and does not implicate the statute of limitations in any way. Rule 15(c) establishes very specific requirements that must be met and provides no discretionary powers for the courts. The discretionary powers provided in Rule 15(a) cannot be extrapolated to Rule 15(c). As we stated in *Mergenthaler*, "we cannot bend the clear language of a Rule to accommodate a litigant who waited until the statute of limitations was about to expire and then sued the wrong party." *Mergenthaler*, 332 A.2d at 399.

Breckin asserts two other arguments in support of his position that the Superior Court's decision to allow the amended complaint should be upheld. First, Breckin states that *Annone v. Kawasaki Motor Corp.*, Del.Supr., 316 A.2d 209 (1974) is analogous to the case at bar and that the court held that the requirements of Rule 15(c) were satisfied. *Annone* is clearly distinguishable from the case at bar, however, because there the substituted corporate defendant received notice of commencement of the action through service on its president before the limitations period expired. *See also Ellis v. Woldoff*, Del.Super., C.A. No. 82C–MR–26, Walsh, J. (June 24, 1983); *Loudenslager v. Teeple*, 466 F.2d 249 (3d Cir.1972);

*Brennan v. Estate of Smith*, 301 F.Supp. 307 (M.D.Pa.1969). Second, Breckin argues that the Executor is estopped from asserting a statute of limitations defense because State Farm allegedly "lulled [Breckin] into filing against the wrong party." In support of this argument Breckin claims that State Farm always referred to Parker, and not the Executor, as the defendant. Breckin further claims that State Farm failed to inform him that Parker had died. These claims have no merit and deserve little attention. From the record it appears that in all written correspondence, State Farm referred to Parker as the "insured," not the defendant. Further, Breckin provides no authority to support the proposition that insurance carriers have a duty to inform potential plaintiffs that an insured has died. There is no evidence that Breckin relied on any of State Farm's actions in this matter or that State Farm misled Breckin. Additionally, because State Farm is not a party to this proceeding, there is no basis for any assertion that the insurance company's actions could result in the Executor being estopped from asserting an otherwise appropriate defense.

The Superior Court's decision in the case at bar is at variance with this Court's decision in *Mergenthaler* and, therefore, is reversed. Because the Superior Court first enunciated the principle employed in the case at bar in *Snow v. Webb*, we overrule *Snow* and its progeny (e.g., *Ptak*) to the extent that they conflict with the mandates of Rule 15(c), and our holding herein and in *Mergenthaler*. Accordingly, the judgment of the Superior Court is REVERSED and REMANDED with direction to enter judgment for the defendant dismissing the action.