# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

NANCY HART, an individual, and )
SCOTT HART, her husband, )
                                                )
       Plaintiffs, )
                                                )
           v. )       C.A. No. N19C-01-087 CLS
                                                )
DANIEL PARKER, an individual, )
THE ESTATE OF DANIEL PARKER, )
deceased, DANIEL PARKER SR., )
MICHAEL PARKER, LINDA )
WOTHERS jointly, severally and/or in )
the alternative, )
                                                
       Defendants.

Date Submitted:  September 15, 2021
Date Decided: October 15, 2021

*On Plaintiffs' Motion to Amend Complaint.* **GRANTED.**

## ORDER

Melissa L. Rhoads, Esquire, Tighe & Cottrell, PA, Wilmington, Delaware, Attorney for Plaintiffs.

Scott L. Silar, Esquire, Reger Rizzo & Darnall, LLP, Wilmington, Delaware, Attorney for Defendant Estate of Daniel Parker.

**SCOTT, J.**

1

Defendant Estate of Daniel Parker ("Defendant") moved to dismiss the Complaint. Plaintiffs Nancy and Scott Hart ("Plaintiffs") moved to amend their Complaint. For the following reasons, Plaintiffs' Motion to Amend is Granted. At this time, this Court will reserve ruling on Defendant's Motion to Dismiss.

## Background

Plaintiffs filed a complaint on January 10, 2019, alleging negligence against Daniel Parker, Defendant, and other defendants. Plaintiffs' claims arise out of a car accident that occurred January 13, 2017, between Daniel Parker and Nancy Hart.

Immediately following the accident, Plaintiffs and the insurance carrier began to negotiate a potential settlement of Plaintiffs' claims. During the negotiations, Daniel Parker passed away on May 10, 2017. Plaintiffs were unaware of Parker's death and continued to engage in settlement discussions with the insurance carrier. Plaintiffs provided the insurance carrier with more information about her injuries and requested the matter be resolved for $300,000, the policy limit. After further correspondence, Plaintiffs and insurance carrier could not reach an agreed upon settlement.

While preparing for litigation, Plaintiffs discovered an obituary for a Daniel Parker, but did not know whether it was the same Daniel Parker involved in their case. On September 14, 2018, Plaintiffs informed the insurance carrier of the intent

2

to file a complaint with the Superior Court and sent a draft complaint naming both Daniel Parker and Defendant as defendants.

Upon filing the Complaint, the insurance carrier received a courtesy copy of the filing. On May 24, 2019, Defendant filed a motion to dismiss arguing two grounds for dismissal. First, the motion argued because no one ever created an estate for Parker after his death, the Plaintiffs sued a nonexistent entity. Second, the motion argued the claim was untimely because it was not filed within eight months of Daniel Parker's death.

On October 29, 2019, the Superior Court issued an order granting the Defendant's Motion to Dismiss the Complaint for failing to present the claims within eight months of Parker's death. The Court acknowledged the Estate of Daniel Parker does not exist and had the Plaintiffs properly presented their claim in accordance with § 2104, Plaintiffs would have been able to seek the appointment of an administrator of the estate. Plaintiffs appealed to Supreme Court of Delaware. On July 9, 2020, the Supreme Court issued a Memorandum Opinion stating lower court's decision was based on a holding the action was time-barred under 12 Del. C. § 2102(a) rather the Supreme Court pointed to § 1202(f) which contained limited language as the section expressly trumps the time requirement in § 1202(a). The Supreme Court reversed the ruling and remanded leaving this Court with two questions. The first is whether the complaint should be dismissed because the estate

3

is a necessary party – but an estate has never been opened and does not exist. The second is if dismissal is proper because no estate was opened – should plaintiffs be permitted to open an estate and amend the complaint. Additionally, the Supreme Court specifically noted any decision to permit an amended complaint is a matter of discretion for the Superior Court.

On April 14, 2021, Defendant, again, moved to dismiss the Complaint. Plaintiff responded on May 13, 2021. In both Defendant's Motion and Plaintiff's Response, the parties attempted to address the questions posed by the Supreme Court. Oral arguments on this Motion were heard on September 15, 2021. Due to the Supreme Court's questions on remand, this Court now considers Plaintiffs' Motion to Amend the Complaint, as well as Defendant's Motion to Dismiss.

## **Parties Contention**

### *On Plaintiffs' Motion to Amend Complaint*

Plaintiffs contends it should be given leave to open the estate, amend Plaintiffs' Complaint and such amendment would relate back to the original filing as to preserve the time of filing for statutory of limitation purposes. Plaintiffs concede the intent was always to create an estate for the purposes of this litigation, however, thought it would be futile to attempt opening as the case was pending litigation. Plaintiff believes Defendant will not be prejudice as the opening of the estate will only affect the insurance proceeds and not any heir of the Daniel Parker.

4

Defendant argues this Court should not grant amendment because it would prejudice the Defendant as too much time has elapsed.

### *On Defendant's Motion to Dismiss*

Defendant contends dismissal is proper because there is no existence of an Estate for Daniel Parker, there remains no entity to be named in the suit. Defendant also contends Plaintiffs should not be given leave to amend because the two and a half years from the original filing would result in prejudice and failure to open the estate is inexcusable neglect on Plaintiffs. Plaintiffs contends the Defendant's allegation the Estate did not and does not exist does not address dismissal for failure to join an indispensable party.

## **Standard of Review**

### *Motion to Amend Complaint*

Under Superior Court Civil Rule 15(a), after the permissive period for amendment has concluded, a party may only amend "by leave of court… and leave shall be freely given when justice so requires."[1] Leave to amend should be freely given unless there is evidence of undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies, prejudice, futility, or the like.[2]

---

[1] Del. Super. Ct. Civ. R. 15(a).
[2] *Parker v. State*, 2003 WL 24011961, at *3 (Del. Super.); *Howell v. Kusters*, 2010 WL 877510, at *1 (Del. Super.).

A motion to amend a pleading is deemed futile if the amendment would not survive a motion to dismiss under Superior Court Civil Rule 12(b)(6).[3] A proposed amendment will only be denied under Rule 12(b)(6) if "the plaintiff would be entitled to recover under any reasonable conceivable set of circumstances of proof."[4] If this Court is asked to deny an amendment due to untimeliness, the Court must consider whether the opposing party would be prejudiced.[5] "The mere fact tha[t] an amendment is offered late in the case is not enough to bar it if the other party is not prejudiced."[6]

### *Motion to Dismiss for Failure to Join an Indispensable Party*

This Court may dismiss a claim for relief under Superior Court Civil Rule 12(b)(7) for failure to join a party in accordance with Rule 19.[7] Rule 19 provides a definition of parties needed to be joined for proper remedies to be sought. To determine whether a plaintiff has failed to join a party in accordance with Rule 19,

---

[3] *Aug. v. Hernandez*, 2020 WL 95658, at *4 (Del. Super.) (citing *E.I. du Pont de Nemours & Co. v. Allstate Ins. Co.*, 2008 WL 555919, at *1 (Del. Super.)).
[4] *Id.*
[5] See *Rinaldi v. Iomega Corp.*, 2000 WL 973257, at *1 (Del. Super.).
[6] *Id.* (citing *Itek Corp. v. Chicago Aerial Indus.*, Inc., 257 A.2d 232, 234 (Del. Super. Ct. 1969), aff'd, Del. Supr., 274 A.2d 141 (1971)).
[7] Del. Super. Ct. Civ. R. 12(b)(7).

the Court must analyze the two prongs of Rule 19.[8] First, the Court determines if the party is a necessary party.[9] A party is necessary if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (I) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.[10]

If one of these factors applies to the instant case, the party is necessary it must be joined, if possible.[11]

If the party is necessary and cannot be joined, the Court must inquire into the second prong, whether "in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent party being thus regarded as indispensable[?]"[12] The Court should consider the following factors:

> (1) to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.[13]

---

[8] *Fedirko v. G&G Const., Inc.*, No. CIV.A.07C-01-045WLW, 2007 WL 1784184, at *2 (Del. Super. Ct. May 18, 2007) *citing Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 404 (3d Cir.1993).

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] Del. Super. Ct. Civ. R. 19(b).

[13] *Id.*

The initial burden for a party presenting with a Rule 12(b)(7) motion is with party raising the defense to show the person who is not joined is needed for adjudication of the claim.[14]  Adversely, if the facts of the instant case reveals there may be a party required to be joined, the burden is on the party whose interest are adverse to the un-joined party to undermine the contention the party must be joined.[15]  If the party fails to meet this burden, the un-joined party will either be joined or the case will be dismissed.

This Court's standard of review on a motion to dismiss is well-settled.  The Court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the nonmoving party.[16]

### Discussion

*Leave to Amend*

Plaintiffs request this Court to allow them to Amend their Complaint to add the Estate after it has been opened for the purposes of this litigation.  The purpose behind the rule allowing for amendments "is to encourage the disposition of litigation on its merits."[17]  Like the Supreme Court of the United States, leave to amend should be freely given unless there is evidence of undue delay, bad faith, or

---

[14] *John Hancock Property & Cas. Co.*, 859 F.Supp. at 168.
[15] 7 Federal Practice and Procedure Civ.3d § 1609. *See also*, *Boles v. Greeneville Housing Authority*, 468 F.2d 476, 478 (6th Cir.1972).
[16] *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1989).
[17] *Grand Ventures, Inc. v. Whaley*, 632 A.2d 63, 72 (Del. 1993).

dilatory motive on the part of the movant, repeated failure to cure deficiencies, prejudice, futility, or the like.[18]

The general rule is a motion to amend should be made as soon as the necessity for altering the pleading becomes apparent.[19] Under Superior Court Rule 15(a), leave to amend may not be freely given in the interest of justice if amending party's delay was "undue" meaning it is inexcusably careless or the amendment would unfairly prejudice the opposing party.[20] Prejudice is tested by 15(c) and leave to amend which would otherwise be freely given will be given with relation back consequences if the requirement of Rule 15(c) is met.[21] The requested amendment relates back to the original claim.[22]

Even after finding there is adequate notice and lack of prejudice to the Defendant, this Court must determine if Plaintiffs have been "inexcusably careless" resulting in inexcusable neglect for failure to name the right party.[23] Defendant argues Plaintiffs were inexcusably careless due to the delay regarding failure to open the Estate and request amendment. Delay, without evidence improper motive or

---

[18] *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227(1962).
[19] *Hess v. Carmine*, 396 A.2d 173, 177 (Del. Super. Ct. 1978) *citing* 6 Wright & Miller and Procedure: Civil s 1498, at 516.
[20] *Id.* at 176 *citing Annone v. Kawasaki Motor Corp.*, Del., 316 A.2d 209 (1974).
[21] *Id.*
[22] Refer to "Relation Back" of this Discussion Section.
[23] *Hess*, 396 A.2d at 176-77.

prejudice to Defendant, is insufficient for this Court to deny leave to amend.[24]

Plaintiffs' motive in delay stems from the belief the Court needed to grant the Harts permission to open the estate and opening the estate would have been futile considering the Court's grant of Defendant's motion to dismiss on October 29, 2019. This Court does not find this motive to be improper and because there is no prejudice to the Defendant, Amendment must be granted.

Although this Court grants Plaintiffs' Motion to Amend their Complaint, this Court can make no guarantee as to the success of Plaintiffs plan to open an estate on behalf of Daniel Parker. It is not in the discretion of this Court to order an estate be opened for the purposes of litigation. As there is no Will and no next of kin who applied to serve as administer the estate within 60 days of the death of Daniel Parker, the Register of Wills ("Register"), of the proper county, shall, at his or her sole discretion, grant letters of administration to person or persons the Register determines to be an appropriate party.[25] An interested person may petition the Register to appoint an administrator of an estate.[26] As an interested party, Plaintiffs may petition the Register to appoint an administrator for an estate of Daniel Parker. However, if the Register, it his/her sole discretion does not grant the letters of

---

[24] *Id.* at 177.
[25] 12 Del. C. § 1505(d)
[26] 12 Del. C. § 1505(e)

administration to an appointed administrator, the Plaintiffs may have no recourse other than the Delaware Court of Chancery.

### *Relation Back*

For the Statute of Limitations to relate back to the date of the original filing to preserve the claim, the Plaintiff must meet three prongs: (1) the claim must arise out of the same transaction or occurrence as the original filing, (2) the party to be added by amendment must receive notice of the action within the required statutory period, and (3) within the same statutory period, the party to be brought in knew or should have known but for a mistake, suit would have been brought against them.[27]

There is no question the claim arises out of the same transaction or occurrence as the original filing. The second and third prong are more difficult to evaluate under these facts. Plaintiff on this issue asserted, "As for the second and third elements of 15(c), generally this Court should have to analyze whether the requirements pertaining to the applicable statutory period were satisfied." This response fails to address the second or third prong. It is unclear at this time the identity of the administrator as no one has been appointed by the Register of Wills.

Ordinarily, the person named as executor of the estate needs to have sufficient notice to satisfy relation back. In *Breckin*, the court determined whether an amended

---

[27] Del. Super. Ct. Civ. R. 15(c).

complaint related back when a person who was at the time deceased was named as the defendant, the executor of the estate of the deceased person was not named as the defendant until an amended complaint was filed after the statute of limitations had run, and where the executor was not given notice, within the two-year period provided in the statute of limitations, of the filing of the suit, but where the decedent's insurance carrier did have notice of a potential claim within the two-year period.[28] The court in *Breckin* determined the amendment did not relate back because the executor had no notice of the claim within the Statute of Limitations.[29]

A distinction must be made between *Breckin* and this case. In *Breckin*, a Will existed so the case involved an executor who was involved from the very beginning of the probate process. Under these facts, no Will exists, and the administrator would be appointed nearly three years after litigation started. Even so, the identity of the administrator it does not matter. The identity of the party to be added here would really be the insurance carrier because the Harts only seek the limits of deceased Parker's auto policy, as permitted by 12 Del. C. §1202(f). The insurance carrier had notice of the claim within the required statutory period as they were informed of the Harts filing an action in the Superior Court. They would know or be expected to have known the suit should have been brought against them as the insurance carrier

---

[28] *Parker v. Breckin*, 620 A.2d 229, 229-30 (Del. 1993).
[29] *Id.*

12

insured Parker who caused the accident. Therefore, regardless of which individual is named as the administer by the Register of Wills, the insurance carrier had notice so the amendment would relate back to the original claim.

### *Failure to Join Indispensable Party*

Before this Court, the facts of this instance case indicate there may be a party required to be joined. The burden is on the Defendant, whose interest is averse to the un-joined party, to undermine the assumption the party must be joined. If the party fails to meet this burden, the un-joined party will either be joined, or the case will be dismissed. During Oral Arguments, Defendant does not undermine the assumption the party must be joined and instead agrees the Estate is a necessary party to this action. There is no debate before this Court, the Estate needs to be joined for proper adjudication of the claim and the Estate does not exist at this time. This Court agrees the Estate is an indispensable party under Delaware Superior Court Civil Rule 19(b). The decision on Defendant's Motion to Dismiss is delayed to allow Plaintiffs reasonable time to amend. The Court considers sixty (60) days a reasonable amount of time to amend the Complaint but will consider requests for extensions.

The Court will rule on the Defendant's Motion to Dismiss, consistent with this opinion once it understands whether or not the indispensable is joined.

For the aforementioned reasons, Plaintiffs' Motion to Amend their Complaint is hereby **GRANTED.** The Court reserves decision on Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

**<u>/s/ Calvin L. Scott</u>**
**Judge Calvin L. Scott, Jr.**