# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JOHN T. DRIGGUS,            :

                              :     C.A. No.: K23C-01-015 JJC

              Plaintiff,     :

                              :

             v.                :

                              :

STATE FARM MUTUAL       :

AUTOMOBILE INSURANCE   :

COMPANY,               :

                              :

                              :

            Defendant.    :

Submitted:  December 16, 2023
Decided: January 8, 2024

## ORDER

On this 8th day of January 2024, after considering Plaintiff John Driggus' motion for reargument, and Defendant State Farm Mutual Automobile Insurance Company's opposition to that motion, it appears that:

1.      Mr. Driggus sued State Farm for personal injury and property damage that he alleges resulted from a January 2021 automobile accident.[1]   State Farm insured both Mr. Driggus and the other driver for the accident under separate policies of insurance.[2]   In Mr. Driggus' complaint, he did not name the other driver as a defendant even though he contended that the other driver's negligence was the sole proximate cause of his injuries and losses.[3]   Under the circumstances, the most

---

[1] D.I. 1.
[2] D.I. 31.
[3] D.I. 1.

reasonable reading of his complaint supported a claim for only uninsured or underinsured (hereafter "UM/UIM") benefits from his own policy.[4]

2.      State Farm then moved to dismiss Mr. Driggus' complaint for failure to state a UM/UIM claim.[5]  Because the parties relied upon matters outside the pleadings to support their positions, the Court elected to convert State Farm's motion to one for summary judgment.[6]  Accordingly, the Court provided the parties additional time to supplement the summary judgment record.

3.      After considering the parties' positions and their evidentiary supplements, the Court granted summary judgment in favor of State Farm for three reasons.[7]  First, the other driver, and not State Farm, would have been the proper party in interest for Mr. Driggus' claim for benefits from the other driver's State Farm policy.[8]   When Mr. Driggus declined to sue the other driver, it became impossible for him to exhaust available coverage from the other driver's policy.[9]  Second, Mr. Driggus failed to demonstrate that the other driver had either (1) no insurance, or (2) that Mr. Driggus had exhausted the other driver's insurance. Accordingly, Mr. Driggus could not recover uninsured or underinsured benefits from his own policy because he met neither prerequisite.[10]   Third and finally, the Court observed that even if Mr. Driggus were to move to add the other driver as a

---

[4] *Id.*

[5] D.I. 19.

[6] Super. Ct. Civ. R. 12(b)(6).

[7] *Driggus v. State Farm Mutual Auto. Ins. Co.*, 2023 WL 7599490 (Del. Super. Nov. 15, 2023).

[8]  *Id.* at *4; *see also Parker v. Breckin*, 620 A.2d 229,232 (Del. 1993) (recognizing that in an automobile accident claim, the individual tortfeasor, and not the insurance carrier, is the proper party in interest).

[9] 18 Del. C. § 3902(b)(3) (providing that an insurer is not required to pay UM/UIM benefits "until after the limits of liability under all bodily injury bonds and insurance policies available to the insured at the time of the accident have been exhausted by payment of settlement or judgments").

[10] *Driggus*, 2023 WL 7599490, at *4; *see also Dunlap v. State Farm Fire and Casualty Co*., 878 A.2d 434, 439-40 (Del. 3005) (recognizing that an insurance carrier is not obligated to pay its insured until *after* the insured exhausts all available liability policies).

defendant, the attempt would be futile because the two statutes of limitations that apply to property damage and personal injury claims had expired.[11]

4. Presently, Mr. Driggus asks the Court to reconsider its decision granting summary judgment.[12] In his motion, he emphasizes that State Farm separately insured both parties involved in the accident.[13] Mr. Driggus does not request reconsideration of the Court's decision that UM/UIM benefits are unavailable to him as a matter of law. Rather, he reiterates his belief that suing State Farm within two years of the date of the accident complied with the statutes of limitations as to the other driver.[14] On that basis, he maintains that he can recover compensation directly from the other driver's State Farm policy without suing him.[15]

5. State Farm counters that Mr. Driggus neither alleged, nor provided evidence, that he exhausted the alleged tortfeasor's liability policy.[16] Furthermore, State Farm emphasizes that the two-year statutes of limitations for (1) bodily injury and (2) property damage claims against the tortfeasor have expired.[17] For that reason, State Farm reiterates that Mr. Driggus' failure to sue the proper party in interest within two years of the accident makes it impossible to sue the other driver.[18]

6. In a motion for reargument under Superior Court Civil Rule 59(e), the Court must examine whether it overlooked controlling precedent or legal principles,

---

[11] *Driggus*, 2023 WL 7599490, at *4. Mr. Driggus did not attempt to amend his complaint to add the alleged tortfeasor as a party. In addition, Mr. Driggus did not contend, and the record did not independently demonstrate, that the individual tortfeasor had any knowledge that Mr. Driggus had filed suit, which could have triggered a relation back analysis under Superior Court Civil Rule 15(c)(3). Because of Mr. Driggus' *pro se* status, however, the Court independently examined the question of whether he could remedy the infirmity through an amendment. The expiration of the statutes of limitation would have made it futile to do so.
[12] D.I. 31.
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] D.I. 32.
[17] *Id.*
[18] *Id.*

3

or whether it misapprehended the law or facts in a way that would have changed the outcome of the challenged decision.[19]  A motion for reargument is not a mechanism to rehash arguments already decided by the Court.[20]

7.       Here, Mr. Driggus merely reargues what he raised during the summary judgment proceeding.  His motion focuses primarily on the fact that State Farm separately insured both he and the alleged tortfeasor.   To that end, Mr. Driggus maintains that he satisfied the statutes of limitations that applied to his claims against the individual tortfeasor when he sued State Farm.[21]

8.       Mr. Driggus unfortunately misunderstands who is the proper party in interest in an automobile negligence case.   Namely, the injured party must sue the other driver – not the other driver's insurance company – to successfully recover *third-party* liability benefits from the other driver's policy.[22]   Mr. Driggus did not which makes recovery from the other driver's liability policy impossible.

9.       Given Mr. Driggus' inability to recover benefits from the other driver's policy, his only other potential recovery would be from his own UM/UIM policy. To sustain such a claim, Mr. Driggus would have had to demonstrate that the other driver had no available insurance coverage for the accident, or that he first exhausted the other driver's coverage through suit or settlement.[23]   As the Court explained in its summary judgment decision, he met neither prerequisite.  As a result,  summary judgment denying his claim to recover UM/UIM benefits remains appropriate.

10.       In summary, Mr. Driggus raises no new arguments to justify reconsideration of the Court's decision.   The Court cannot excuse mandatory statutory and contractual requirements that included (1) the need for him to sue the

---

[19] *Petit v. Country Life Homes, Inc.,* 2005 WL 3194392, at *2 (Del. Super. Nov. 29, 2005).
[20] *Id.*
[21] D.I. 31.
[22] *Breckin*, 620 A.2d at 232.
[23] 18 Del. C. § 3902(b)(3).

4

proper party within the statutes of limitations, (2) the need to comply with 18 *Del. C.* § 3902(b)(3)'s requirements, and (3) the need to satisfy the conditions of his policy.

WHEREFORE, for the reasons above, Mr. Driggus' motion for reargument must be DENIED.

**IT IS SO ORDERED.**


/s/ Jeffrey J Clark
Resident Judge

5